19-3969-cr(L)
United States of America v. Betancourt, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of May, two thousand twenty one.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                     *Circuit Judges*.

---

UNITED STATES OF AMERICA,

             *Appellee*,

        v.                                              19-3969-cr (L),
                                                        19-4194-cr (CON),
                                                        20-346-cr (CON)

FRANCISCO BETANCOURT, CARLOS ANTONIO
HERNANDEZ, LUCILO CABRERA,

             *Defendants-Appellants*.[1]

---

Appearing for Appellants:     Christopher Duby, Hamden, CT *for Defendant-Appellant Francisco Betancourt*.

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

John R. Gulash, Gulash & Associates, LLC (Noah J. Kores, *on the brief*), Bridgeport, CT *for Defendant-Appellant Carlos Antonio Hernandez*.

Andrew H. Freifeld, New York, N.Y. *for Defendant-Appellant Lucilo Cabrera*.

Appearing for Appellee:    Robert S. Ruff, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*) *for* Leonard C. Boyle, Acting United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Francisco Betancourt, Carlos Antonio Hernandez, and Lucilo Cabrera appeal from the judgments of conviction entered on November 26, 2019 (Betancourt, Hernandez) and January 21, 2020 (Cabrera) in the U.S. District Court for the District of Connecticut (Underhill, *J.*). After a nine-day trial, a jury convicted Betancourt, Hernandez, and Cabrera of conspiracy to commit federal kidnapping and of multiple kidnappings in violation of the Lindbergh Law, 18 U.S.C. § 1201, and of conspiracy to commit extortion and of multiple extortions in violation of the Hobbs Act, 18 U.S.C. §1951. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Roughly from June 2014 to May 2017, Hernandez, Betancourt, Cabrera, and Pascual Rodriguez tricked undocumented immigrants arriving to New York's Port Authority Bus Terminal into believing that they had missed bus trips to Connecticut or were in the wrong bus station. Defendants then took possession of the immigrants' immigration papers or bus tickets, or sometimes both, and told them that instead, they could travel by taxi, for which defendants would later demand payment of around $1,000 per trip. The jury convicted Hernandez, Betancourt, and Cabrera of conspiracy to commit extortion, conspiracy to commit kidnapping, kidnapping those individuals (and in some cases, their children) who requested to exit the car at least once, and extorting the individuals' relatives. It acquitted Hernandez, Betancourt, and Cabrera of kidnapping individuals who did not make at least one request to exit the car. On appeal, defendants challenge the sufficiency of the evidence underlying their kidnapping, extortion, and conspiracy convictions and the district court's jury instructions.

"The kidnapping statute sets forth three elements of the crime: the victim must be unlawfully taken, coerced, or deceived into accompanying the accused nonconsensually; he or she must be held by the accused for ransom, reward, or otherwise; and he or she must be transported in interstate or foreign commerce." *United States v. Corbett*, 750 F.3d 245, 250 (2d Cir. 2014) (citation and alterations omitted).

A person commits Hobbs Act extortion when he "in any way or degree obstructs, delays, or affects commerce . . . by . . . extortion," which "means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear." 18 U.S.C. § 1951(a), (b)(2). The fear element requires "evidence that the defendant knowingly and willfully created or instilled fear, or used or exploited existing fear with the specific purpose of inducing another to part with property." *United States v. Coppola*, 671 F.3d 220, 241 (2d Cir. 2012).

"We review preserved claims of insufficiency of the evidence *de novo*. Nevertheless, a defendant challenging the sufficiency of the evidence bears a heavy burden. We must uphold a jury verdict if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Atilla*, 966 F.3d 118, 128 (2d Cir. 2020) (alterations, internal quotation marks, and citation omitted). This Court "must view the evidence in the light most favorable to the government." *Id.*

"[A] party who has requested an instruction that has not been given is not relieved of the requirement that he state distinctly his objection to the instruction that is given." *United States v. Crowley*, 318 F.3d 401, 412 (2d Cir. 2003) (citation omitted). We review for plain error when a party fails to object. *Id.* at 414. An error is plain when it is an "(1) error that (2) is clear or obvious under current law; (3) affects [a defendant's] substantial rights, which generally means affects the outcome of the district court proceedings; and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Le*, 902 F.3d 104, 109 (2d Cir. 2018).

Here, in considering defendants' motions for judgment of acquittal and for a new trial, the district court carefully reviewed each alleged instance of kidnapping and extortion. For the reasons set forth in the district court's well-reasoned opinion, the evidence was sufficient for a reasonable jury to convict Hernandez, Betancourt, and Cabrera of conspiracy to commit kidnapping, conspiracy to commit extortion, and multiple kidnappings and extortions.

Defendants argue for the first time on appeal that there was insufficient evidence on the interstate commerce element of kidnapping because there was no evidence that they formed an intent to use force prior to transporting their victims. The government argues that plain error review applies because defendants forfeited this sufficiency challenge by failing to raise it below. *See United States v. Betancourt*, No. 3:16-cr-238, 2019 WL 2720738, at *4 n.7 (D. Conn. June 28, 2019) ("The interstate commerce element means the victim was 'transported in interstate or foreign commerce.' The defendants do not argue that the government failed to meet its burden on that element." (citation omitted)); *United States v. Delano*, 55 F.3d 720, 726 (2d Cir. 1995) (reviewing sufficiency argument for plain error after holding that defendant, who raised specific sufficiency challenges below, forfeited all other sufficiency challenges). We agree with the government and conclude that the district court did not plainly err. The evidence viewed in the light most favorable to the government establishes that defendants initiated the kidnappings in New York and released their victims in Connecticut—that is all our Circuit precedent requires. *See United States v. Macklin*, 671 F.2d 60, 65 (2d Cir. 1982) (interstate commerce element requires that a victim "be transported in interstate or foreign commerce").

Defendants also argue that the district court erred by instructing the jury on consent, and by failing to charge the jury (1) that a defendant who takes by inveiglement must also intend to use force if his deception fails, (2) on the mail fraud defense theory, (3) that a defendant does not "hold" a victim if the holding is incidental to fraud, and (4) that an extortion victim's fear must be reasonable.

We disagree. The defendants requested a consent instruction, fatally undermining their argument as to the consent charge. *See United States v Giovanelli*, 464 F.3d 346, 351 (2d Cir. 2006) (defendant waives right to appellate review of charge when defendant "invited the charge or affirmatively waived his position" (citation omitted)). Their challenge to the inveiglement instruction fails for the same reason. Defendants requested an instruction that "[t]o determine whether a 'taking by inveiglement' rises to the level of a kidnapping, you must all be satisfied, beyond a reasonable doubt, that . . . the accused had the willingness, the intent, and the capacity to use force, physical or psychological, on the victim to complete the kidnapping, in the event the accused's deception failed . . . ." App'x at 745-46 (emphasis omitted). The district court instructed that "[w]hen a victim is taken by inveiglement, [the force] element may be satisfied if you find beyond a reasonable doubt that the defendant had the willingness and intent to use physical or psychological force to complete the kidnapping if the inveiglement failed." App'x at 1660.

Defendants argue that fraud is a lesser-included offense of federal kidnapping. For the reasons set forth in the district court's well-reasoned opinion, this argument is without merit. Defendant's remaining challenges to the jury instructions fail because defendants did not object to the instructions below. Applying the plain error standard of review, *see Crowley*, 318 F.3d at 414, defendants have failed to show that any errors were "clear or obvious under current law," *Le*, 902 F.3d at 104.

We have considered the remainder of Hernandez, Betancourt, and Cabrera's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4